

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-18-00047-CV

IN THE MATTER OF THE MARRIAGE OF
HOLLY LYNN MITCHELL AND JEREMY GUY MITCHELL
AND IN THE INTEREST OF C.P.M., A CHILD

On Appeal from the 276th District Court
Morris County, Texas
Trial Court No. 26077

Before Morriss, C.J., Burgess and Stevens, JJ.

O R D E R

On May 30, 2018, the trial court entered its final decree of divorce in this case in which David Cutler Bryson, Jr., intervened to adjudicate parentage and conservatorship of C.P.M. This is Bryson's appeal of the trial court's custody determination.

The clerk's record in this matter was filed August 28, 2018, and the reporter's record was filed September 18, 2018, making Bryson's appellate brief originally due October 18, 2018. Bryson filed a motion to extend that deadline, which was granted, extending the deadline to November 19, 2018. Bryson filed a second motion for an extension of the briefing deadline, claiming that several trial exhibits were not included in the reporter's record. These exhibits were described as six audio recordings from Holly Mitchell's cell phone, supposedly labeled as P-15, P-16, P-18, P-20, P-21, and P-29. This Court granted Bryson's second motion.

Pending before this Court is Bryson's third motion for extension of time in which to file his brief, in which he complains that the recordings have yet to be included in the reporter's record. Evidently, Holly has provided her trial counsel with a thumb drive of the recordings, but the parties are unable to identify which of the recordings on the thumb drive were admitted as exhibits at trial. Bryson seeks an additional extension of the briefing deadline to enable the parties to identify the recordings that were made a part of the record in the trial court and to supplement the record by agreement.

Since Bryson has raised issues regarding the accuracy of the reporter's record after it has been filed in this Court, we will submit this dispute to the trial court for resolution under Rule 34.6(e) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.6(e). We hereby abate this matter to the trial court to conduct an evidentiary hearing pursuant to Rule 34.6(e),

2

subsections (2) and (3), for the purposes of determining whether all portions of the record to which Bryson is entitled have been provided to him and filed with this Court and identifying and correcting, if possible, any inaccuracies in the reporter's record that was filed in this Court and provided to Bryson.

We instruct the trial court to conduct an evidentiary hearing within thirty (30) days of the date of this order and to enter findings regarding the following:

1. Precisely what portions of the record Bryson (or any other party) claims are missing and/or what parts of the record Bryson (or any other party) claims are inaccurate (including every exhibit that he claims is missing, incomplete, or inaccurate);

2. For each error or omission identified in response to No. 1 above, whether the issue can be resolved by agreement as contemplated by Rule 34.6(e)(1) of the Texas Rules of Appellate Procedure;

3. If such error or omission can be corrected by agreement, then the trial court is instructed to take steps to ensure that the reporter's record is corrected in accordance with the parties' agreement;

4. If such error or omission cannot be corrected by agreement, then the trial court is instructed to take the steps outlined in Rule 34.6(e)(2) of the Texas Rules of Appellate Procedure to resolve the dispute and correct the record;

5. For each error or omission identified in response to No. 1 above, whether any missing exhibit or portion of the reporter's record has been lost or destroyed as contemplated by Rule 34.6(f) of the Texas Rules of Appellate Procedure;

6.      For each exhibit or portion of the reporter's record that is determined to be lost or destroyed, if any, the trial court is instructed to take evidence on and enter findings regarding each of the four factors set out in Rule 34.6(f) of the Texas Rules of Appellate Procedure and to enter recommendations regarding whether Bryson is entitled to a new trial as a result of the lost or destroyed exhibit or portion of the record; and

7.      We also request that the trial court make any additional findings that it believes will be helpful to this Court in fully and finally resolving all issues related to the record in this matter.

The trial court's findings, as set forth above, shall be entered into the record of the case and filed with this Court as a supplemental clerk's record within fifteen days of the date of the hearing. The reporter's record of the hearing, and any certified corrections to the reporter's record under Rule 34.6(e)(2), shall be filed in the form of a supplemental reporter's records within fifteen days of the date of the hearing.

All appellate timetables are stayed and will resume on our receipt of the supplemental record. Consequently, Bryson's motion to extend the filing deadline is hereby denied. We withdraw the current briefing deadline and will establish a new briefing schedule once the case is returned to our jurisdiction from abatement.

IT IS SO ORDERED.

BY THE COURT

Date:   January 3, 2019

4